IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>vs.<br><br>Marcus Brian Rexrode,<br><br>                Defendant, | Case No.: 3:23-CR-00152<br><br>**DEFENDANT MARCUS BRIAN REXRODE'S SENTENCING MEMORANDUM** |

## ATTORNEYS OF RECORD

**Defense Counsel**
Nicole L. Bredahl
Attorney at Law
3431 4th Avenue S., Suite 200
Fargo, ND  58103
Tele:  (701) 298-9363
E-Service: eservice@barkuslawfirm.com
nicole@barkuslawfirm.com

**Assistant U.S. Attorney**
Richard M. Lee
Assistant United States Attorney
District of North Dakota
655 1st Ave N, Ste 250
Fargo, ND 58102
Tele: (701) 297-7400
richard.lee3@usdoj.gov

## RULE 32(F) COMPLIANCE

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, Attorney Bredahl consulted with the Defendant, Marcus Brian Rexrode, (herein after referred to as "Marcus"), regarding the Presentence Investigation Report (PSI), with U.S. Probation Officer, Carly Dalbey and AUSA Richard Lee.

## PROCEDURAL HISTORY

Defendant, Marcus Brian Rexrode, is the subject of Information which charged Marcus with Possession of a Firearm by a Prohibited Person, in violation of 18,

1

U.S.C. §§ 922(g)(1) and 924(a)(8). [Docket No. 1]. The undersigned was appointed to represent Marcus on August 9, 2023. [Docket No. 2]. Attorney Nicole Bredahl had been previously appointed in case 3:23-pi-28. [Docket No. 2]. Marcus's Plea Agreement and Plea Agreement Supplement were filed on August 9, 2023. [Docket Nos. 3 and 4.] Marcus changed his plea in front of this Court on September 11,2023, [Docket No. 12]. Marcus is currently scheduled to appear before this Court for his Sentencing Hearing on December 19, 2023. [Doc No. 13].

## GUIDELINE RANGE CALCULATION

Following United States v. Booker, 543, U.S. 220 (2005) the Guidelines are advisory, not mandatory. A sentence below the Guideline range does not require extraordinary circumstances or the use of rigid mathematical formulae. Id. at 47. The Court should consider all the 18 U.S.C. Section 3553(a) factors to determine whether they support the sentence requested by a party, without presuming the guideline range is reasonable. Id. at 49-50. In considering those factors, "the Court 'shall impose a sentence sufficient, but not greater than necessary' to comply with sentencing goals, considering the nature and seriousness of the offense, the history and characteristics of the defendant, and the need for the sentence to provide justice, deterrence, and other goals of punishment." United States v. Pappas, 452 F.3d 767, 773 (8th Cir. 2006).

According to United States v. Francis, 462 F.3d 810 (8th Cir. 2006), courts in the Eighth Circuit Court of Appeals follow a three-step process when imposing a sentence. First, the court determines a proper sentencing guidelines range. Second, the court

determines whether a departure is warranted under the guidelines.  Third, the court looks to 18 U.S.C. § 3553(a) to determine if a variance is warranted.

When conducting this sentencing process, the court should be guided by the Supreme Court's holding in <u>Rita v. United States</u>, 551 U.S. 338 (2007).  In <u>Rita</u>, the Supreme Court held that a sentencing court is to apply a sentence that is "sufficient, but not greater than necessary" to meet the sentencing goals laid out in § 3553(a). <u>Id.</u>  Under <u>Rita</u>, the sentencing court may impose a sentence lower than the guidelines contemplate because the case does not fall within the "heartland" of cases to which the guidelines intended to apply, because the recommended sentence under the guidelines does not meet the goals of § 3553(a), or because the case warrants a lower sentence regardless of the guidelines.  <u>Id.</u>  Thus, a sentencing court is free to impose a sentence lower than the guidelines recommend in order to meet the goals of sentencing contemplated by § 3553(a) (stating factors such as age, education, mental condition, drug or alcohol addiction can now be considered by the sentencing court).

"A post-Booker sentence normally should be determined in a sequential manner, with the district court first determining the applicable guideline range, then determining whether any traditional guideline departures are warranted, and finally considering the possibility of varying from the guideline sentence based on the factors in § 3553(a).  <u>United States v. Coyle</u>, 506 F.3d 680, 683 (8th Cir. 2007).   The sequential ordering process was developed to maintain distinction between sentencing "departures" and "variances."  <u>Id.</u>  After reviewing the sentencing factors in 18 U.S.C. § 3553(a), the court may then consider a variance pursuant to 3553(a) factors.

In determining an appropriate sentence, the court in this case must consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for – the applicable category of offense committed by the applicable category of defendant; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a).   In reviewing these factors, the court must impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing.  Id.

## CREDIT FOR TIME SERVED
## 18 UNITED STATES CODE § 3585(a)

Pursuant to 18 U.S.C. § 3585(a), a sentence to a term of imprisonment commences the date a defendant is received into custody. Marcus was already in custody on a state charge in Cass County, Case No. 09-2023-CR-02447, when a Writ of Habeas Corpus ad Prosequendum was issued on September 11, 2023, in this case. He has remained in custody at various facilities since May 25, 2023.

Thus, pursuant to 18 U.S.C. § 3585(a), it is respectfully requested that Marcus receive credit for the time he has already served. Marcus was arrested on May 25, 2023, and should be given credit for his two hundred and nine (209) days. (Calculated through December 19, 2023, sentencing hearing).

## BUREAU OF PRISON DESIGNATION

Marcus respectfully requests that the Court recommend placement at the Bureau of Prisons lowest level security facility available. Specifically:

1. FCI Butner – Medium Security Federal Correctional Institution with low security satellite camp;

2. FCI Petersburg – Medium Security Federal Correctional Institution with low security satellite camp;

3. FCI Bennettsville – Medium Security Federal Correctional Institution with low security satellite camp;

## SENTENCING RECOMMENDATION

In conclusion, Marcus respectfully requests that your Honor sentence him to the joint recommendation of a term of one hundred eighty (180) months, with one (1) year of supervised release.

This sentence would fill the sentencing goals and satisfies the general purposes of sentencing including the need for the sentence imposed to reflect the seriousness of the offense and to provide just punishment for the offense. The positions stated herein would achieve a sentence sufficient, but not greater than necessary, to comply with purposes and factors outlined in 18 U.S.C. §3553(a)(2).

Dated: December 13, 2023.

                              Respectfully submitted,

                              BARKUS LAW FIRM, P.C.

*/s/ Nicole Bredahl*
_____
Nicole L. Bredahl, ND ID#04717
3431 4th Avenue South, Suite 201
Fargo, North Dakota 58103
Tele: (701) 532-2498
Fax: (701) 298-9363
E-Service: eservice@barkuslawfirm.com
Email: nicole@barkuslawfirm.com
ATTORNEYS FOR DEFENDANT